UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LIMUEL DAVIS AND ALFREDA DAVIS | CIVIL ACTION |
| VERSUS | NO: 07-4158 |
| AMERICAN SECURITY INSURANCE COMPANY AND HARLEYSVILLE MUTUAL INSURANCE COMPANY | SECTION: "S" (2) |

### ORDER

**IT IS HEREBY ORDERED** that "Defendant's Motion to Quash Jury Demand" is **GRANTED.**.  (Document #9.)

### I. BACKGROUND

The residence of Limuel and Alfreda Davis (Davises) at 1534 North Broad Street, New Orleans, Louisiana, including ancillary structures, was damaged as a result of Hurricane Katrina. The property was covered by a homeowner's policy in the amount of $96,000, issued by American Security Insurance Company (American Security).  The Davises also purchased a Standard Flood Insurance policy from Harleysville Mutual Insurance Company (Harleysville) under the Write-Your-Own Program of the National Flood Insurance Act in the amount of $74,300.

The Davises filed a petition for damages in Civil District Court for the Parish of Orleans, State of Louisiana, against American Security and Harleysville, alleging the following claims: they are entitled to receive the full value of their policies of insurance policies under Louisiana valued policy law because their home is a total loss; American Security and Harleysville breached the contract by failing to adjust and pay the policy limits in a timely manner; the insurers negligently made misrepresentations by failing to respond, adjust the case, and pay the claims; the insurers acted in bad faith; they are entitled to specific performance; and the insurers have been unjustly enriched.

The defendants removed the case to federal court. The plaintiffs filed a demand for a jury trial, pursuant to Rule 38 of the Federal Rules of Civil Procedure. Harleysville moved to quash the jury demand, pursuant to Rule 39.

## II. DISCUSSION

Harleysville contends that the Davises are not entitled to a jury trial for claims under the Standard Flood Insurance Program because funds of the United States Treasury are involved. "Section 4072 limits a claimant's ability to sue on a flood insurance policy." Sandia Oil Co., Inc. v. Beckton, 889 F.2d 258, 262 (10th Cir. 1989); 42 U.S.C. § 4072. "Section 4072's waiver of immunity has been strictly construed not to allow a jury trial against the government." Id.

The Davises concede that there is no right to a jury in their claim under the flood insurance policy, but argue that, because they are entitled to a jury trial on their claim against American Security, the court should utilize the jury empaneled for the homeowner's claim as an advisory jury. Rule 39(c) provides that the court may try any issue with an advisory jury in all

2

actions not triable of right by a jury.

The court, in its discretion, declines to try this case with an advisory jury. The issues concerning the claim under the homeowner's policy will be decided by the jury, and the issues related to the flood insurance policy will be decided by the court. Accordingly, Harleysville's motion to quash the jury demand as to the claim based on the flood insurance policy is granted.

New Orleans, Louisiana, this  17th  day of January, 2008.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**