## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LIMUEL DAVIS, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO: 07-4158** |
| **AMERICAN SECURITY INS. CO.,**<br>**ET AL** | **SECTION: "S" (2)** |

### ORDER AND REASONS

The motion for summary judgment (Doc. #28) and the motion to dismiss (Doc. #29), both filed by Harleysville Mutual Insurance Company, are GRANTED.

### BACKGROUND

This is a Katrina insurance dispute which was removed to this court.

On or about August 29, 2005, plaintiffs' residence located at 1534 North Broad St., in New Orleans, Louisiana, sustained damage, as a result of Hurricane Katrina. Harleysville, in its capacity as a Write-Your-Own ("WYO") program carrier participating in the U.S. Government's National Flood Insurance Program (NFIP), had previously issued a policy of flood insurance to the plaintiffs.[1]

On August 31, 2005, and in response to the area disaster, David J. Maurstad, the Acting Federal Insurance Administrator of FEMA issued a Waiver of the Proof of Loss Requirement in the

---

[1]NFIP is administered by FEMA under the National Flood Insurance Act ("NFIA"), 42 U.S.C. §4001 *et seq*.

Standard Flood Insurance Policy (SFIP Waiver).[2]  The SFIP Waiver specifically provides in pertinent

part:

> To expedite claims payments so that policyholders affected by these circumstances
> are not subject to undue hardship, I am waiving the requirement in VII.J.4 of the
> SFIP ... for the policy holder to file a proof of loss prior to receiving insurance
> proceeds.  Instead, payment of the loss will be based on the evaluation of damage in
> the adjustor's report.    ...
>
> In the event a policyholder disagrees with the insurer's adjustment, settlement, or
> payment of the claim, a policyholder may submit to the insurer a proof of loss within
> one year from the date of the loss.  The proof of loss must meet the requirements of
> VII.J.4 of the SFIP of the Dwelling or General Property Form . . .  The insurer will
> then process the policyholder's proof of loss in its normal fashion.  If the insurer
> rejects the proof of loss in whole or in part, the policyholder may file a lawsuit
> against the insurer within one year of the date of the written denial of all or part of
> the claim as provided in VII.R of the SFIP Dwelling or General Property Form .  ....

On September 15, 2005, plaintiffs initiated their flood claim.  Harleysville arranged for an

independent adjustor for plaintiffs' claim and eventually paid to plaintiffs about $ 31,144.97.

On October 19, 2006, plaintiffs' counsel submitted to Harleysville an itemized "flood

insurance proof of loss," tracking the language of Articles VII(J)(3) and VII(J)(4).[3]  In a November

10, 2006, letter to plaintiffs' counsel, Mary Ross-Goodnough, a claims supervisor for Harleysville,

rejected plaintiffs' claim for further flood insurance proceeds, specifically stating that plaintiffs'

demand for policy limits was denied and that the flood policy was not a "valued policy."[4]

On December 20, 2006, the independent adjustor, after reinspecting plaintiffs' property, sent

---

[2]*See* Ex. E to Defendant's Memorandum in Support of Summary Judgment

[3]*See* Ex. C to Defendant's Memorandum in Support.

[4]*See* Ex. 3 to Plaintiffs' Opposition.

to plaintiffs' counsel a supplemental estimate of damages with a proof of loss form to be signed by the insured and returned.[5]  On January 24, 2007, plaintiffs signed the form which states at the bottom that "[t]his is a supplemental claim . . ."[6]  On February 14, 2008, plaintiffs' counsel forwarded the signed proof of loss form to Harleysville.[7]

     On February 22, 2007, a Harleysville representative sent an email to FEMA a request to waive the proof of loss policy provision for the supplemental proof of loss signed on January 24, 2007, and sent on February 20, 2007.[8]  The email stated that the waiver was for "a supplemental claim for damages not claimed on the original estimate" and concerned a "refrigerator, range, base & oven cabinets."[9]  On the same day, Karen Christian, a FEMA representative, responded by email that the request for a waiver of the 60-day proof of loss policy provision was approved and that "[t]his limited waiver is for only the amount of the loss and scope of the damages outlined in this request and otherwise does not waive the proof of loss or any other requirement of the Standard Flood Insurance Policy . . ."[10]  On February 23, 2007, Harleysville sent to plaintiffs further proceeds in the amount of $4,372.51 for the supplemental claim.

     On July 10, 2007, plaintiffs filed suit, alleging that Harleysville failed to pay plaintiffs for

---

[5]*See* Ex. 5 to Plaintiffs' Opposition.

[6]*See* Ex. 8 to Plaintiffs' Opposition.

[7]*See* Ex. J to Defendant's Memorandum in Support.

[8]*See* Ex. 7 to Defendant's Memorandum in Support.

[9]*See* Ex. 7 to Defendant's Memorandum in Support.

[10]*See* Ex. 7 to Defendant's Memorandum in Support.

3

all the damages resulting from the flooding.

Defendant claim entitlement to summary judgment because plaintiffs failed to submit a signed and sworn proof of loss[11] which met the requirements of Article VII(J).[12]  Defendant further urges that as a result, Article VII(R)[13] which provides that a claimant may not sue for further

---

[11]See Ex. B to Defendant's Memorandum in Support.

[12]Article VII(J)(3) and (4) provide as follows:

J. Requirements in Case of Loss In case of a flood loss to insured property, you must:   . . .

>3. Prepare an inventory of damaged property showing the quantity, description, actual cash value, and amount of loss. Attach all bills, receipts, and related documents;

>4. Within 60 days after the loss, send us a proof of loss, which is your statement of the amount you are claiming under the policy signed and sworn to by you, and which furnishes us with the following information:

>>a. The date and time of loss;
>>b. A brief explanation of how the loss happened;
>>c. Your interest (for example, "owner") and the interest, if any, of others in the damaged property;
>>d. Details of any other insurance that may cover the loss;
>>e. Changes in title or occupancy of the insured property during the term of the policy;
>>f. Specifications of damaged buildings and detailed repair estimates;
>>g. Names of mortgagees or anyone else having a lien, charge, or claim against the insured property;
>>h. Details about who occupied any insured building at the time of loss and for what purpose; and
>>I. The inventory of damaged property described in J.3. above.

44 C.F.R. Pt. 61, App. A(1).

[13]Article VII(R) states:

>Suit Against Us

>You may not sue us to recover money under this policy unless you have complied with all the requirements of the policy. If you do sue, you must start the suit within one year of the date of the written denial of all or part of the claim, and you must file the suit in the United States District Court of the district in which the insured property was located at the time of loss. This requirement applies to any claim that you may have under this policy and to any dispute that you may have arising out of the handling of any claim under the policy.

4

proceeds unless the claimant has complied with Article VII's requirements bars plaintiffs' claims. Defendants argue that the SFIP Waiver did not relieve plaintiffs of the Proof of Loss requirement and that the SFIP Waiver dispensed with the requirement only in those situations where in the insured was in agreement with the figure determined to be payable by the WYO carrier, and that the waiver referred to in the February 22, 2007, email was limited to plaintiffs' supplemental claim for damages as outlined in that email. Additionally, defendants move to dismiss plaintiffs' extra-contractual and state claims because such claims are preempted and barred by 42 U.S.C. §4019.[14]

Plaintiffs oppose the summary judgment motion, and argue that the proof of loss that their counsel submitted on October 19, 2006, was sufficient because the SFIP Waiver waived the 60-day proof of loss requirement and because the SFIP Waiver was rendered moot by the February 22, 2007, email further waiving the proof of loss requirement. Plaintiffs urge that as a result, there was no further requirement under the SFIP policy or regulations for additional proofs of loss prior to suit. Because of recent rulings on the issue, plaintiffs do not oppose dismissal of their state law claims relative to bad faith and "valued policy" law.

## ANALYSIS

Summary judgment is appropriate if the pleadings, depositions, interrogatory answers and admissions, together with any affidavits, show that there is no genuine issue as to any material fact

---

[14]42 U.S.C.§4019 provides:

> The Director is authorized to prescribe regulations establishing the general method or methods by which proved and approved claims for losses may be adjusted and paid for any damage to or loss of property which is covered by flood insurance made available under the provisions of this chapter.

and that the moving party is entitled to judgment as a matter of law.[15]  Although the court must consider the evidence with all reasonable inferences in the light most favorable to the non-moving party, the non-movant must produce specific facts to demonstrate that a genuine issue exists for trial.[16]

Specifically, the non-movant must go beyond the pleadings and use affidavits, depositions, interrogatory responses, admissions, or other evidence to establish a genuine issue.[17]  The mere existence of a scintilla of evidence in support of the non-movant's position is insufficient to defeat a properly supported motion for summary judgment.[18]  Accordingly, conclusory rebuttals of the pleadings are insufficient to avoid summary judgment.[19]  Further, if the opposing party bears the burden of proof at trial, the moving party does not have to submit an evidentiary document to support its motion, but need only point out the absence of evidence supporting the non-movant's case.[20]

Rule 12(b)(6) permits a motion to dismiss a complaint for failure to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to state a claim to relief that is plausible on its face.[21]  "Factual allegations must be enough to

---

[15]Fed.R.Civ.P. (56); *Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S.Ct. 2548, 2554-55 (1986).

[16]*Webb v. Cardiothoracic Surgery Associates of North Texas*, 139 F.3d 532, 536 (5th Cir.1998).

[17]*Id.*

[18]*Anderson*, 477 U.S. at 252, 106 S.Ct. at 2512.

[19]*Travelers Ins. Co. v. Liljeberg Enter., Inc.*, 7 F.3d 1203, 1207 (5th Cir.1993).

[20]*Saunders v. Michelin Tire Corp.*, 942 F.2d 299, 301 (5th Cir. 1991).

[21]*In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir.2007) (*quoting Bell Atlantic v. Twombly*, 127 S.Ct. 1955, 1964-65 & 1973 n. 14 (2007)).

raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."[22]

*Plaintiffs' Proof of Loss Issues*

The NFIP was established by the National Flood Insurance Act ("NFIA"), 42 U.S.C. §§ 4001-4129 (2006), and is administered through the Federal Emergency Management Agency ("FEMA").[23] FEMA sets the terms and conditions of all federal flood insurance policies, and those polices must be issued in the form of a Standard Flood Insurance Policy ("SFIP").[24] SFIP provisions cannot "be altered, varied, or waived other than by the express written consent of the [Federal Insurance] Administrator" and must be strictly construed and enforced.[25]

Although SFIP proceeds can be issued by a WYO insurance provider directly to consumers, "[p]ayments on SFIP claims come ultimately from the federal treasury."[26]  Because the federal treasury is implicated in the payment of flood claims, the provisions of an SFIP must be strictly

---

[22]*Id.* at 1965.

[23]*Wright v. Allstate Ins. Co. (Wright I),* 415 F.3d 384, 386 (5th Cir.2005).

[24]44 C.F.R. § 61.4(b); *Gowland v. Aetna,* 143 F.3d 951, 953 (5th Cir.1998).

[25]44 C.F.R. § 61.13(d); *Wright I,* 415 F.3d at 387; *Gowland,* 143 F.3d at 953-54. *See also Forman v. FEMA*, 138 F.3d 543, 545 (5th Cir. 1998)("strict adherence is required to all terms of the SFIP").

[26] *Wright I,* 415 F.3d at 386; *see Gowland,* 143 F.3d at 953.  FEMA regulations for the NFIP provide that "loss payments" shall be payable from federal funds. 44 C.F.R. pt. 62, app. A, art. III(D)(2) ("Loss payments include payments as a result of litigation that arises under the scope of this Arrangement [between WYOs and the federal government], and the Authorities set forth herein.").  "Under the Appropriations Clause of the Constitution, '[m]oney may be paid out only through an appropriation made by law; in other words, the payment of money from the Treasury must be authorized by a statute.'"  *Wright I,* 415 F.3d at 387 *(quoting Office of Pers. Mgmt. v. Richmond,* 496 U.S. 414, 424, 110 S.Ct. 2465, 2471, 110 L.Ed.2d 387, 399 (1990)).

7

construed and enforced.[27]  Therefore, "[w]here federal funds are implicated, the person seeking those funds is obligated to familiarize himself with the legal requirements for receipt of such funds."[28]

As to a flood loss to insured property, the SFIP requires that an insured satisfy Article VII(J)(3) and (4), which details the information that must be provided to support a claim.  The documentation <u>must</u> comply strictly with the SFIP for the insured to recover.[29]  "[N]ot even the temptations of a hard case will provide a basis for ordering recovery contrary to the terms of [a] regulation, for to do so would disregard the duty of all courts to observe the conditions defined by Congress for charging the public treasury."[30]

In this case, plaintiffs' counsel submitted a letter which tracked the language of Articles VII(J)(3) and (4), and purported to itemize plaintiffs' proof of loss for their flooded property.[31]  However, it is undisputed that the proof of loss was submitted more than year after the storm.  Hence, plaintiffs did not comply with Article VII(J)(4) of the flood policy.

Plaintiffs argue that the SFIP Waiver and the February 22, 2007, email from FEMA to Harleysville relieves him of the proof of loss requirement.  However, the SFIP Waiver only extended

---

[27]*See also Forman,* 138 F.3d at 545.

[28]*Wright I,* 415 F.3d at 388 (*citing Heckler v. Cmty. Health Servs. of Crawford County, Inc.,* 467 U.S. 51, 63, 104 S.Ct. 2218, 2226, 81 L.Ed.2d 42, 54 (1984)).

[29]*See Gowland,* 143 F.3d at 954.

[30]*OPM v. Richmond*, 110 S.Ct. 2464, 2469 (1990)(internal quotes omitted).

[31]The court notes that the October 19, 2006, letter regarding plaintiffs' loss did not provide specifications of damaged buildings or any detailed repair estimates, as required by Article VII(J)(4)(f).  *See* Ex.  C to Defendant's Memorandum in Support.

the period to submit a proof of loss to a year from the date of the loss,[32] and the waiver subject of the February 22, 2007, was limited only to the plaintiffs' supplemental claim for damages as outlined in the email.  Plaintiffs have provided no evidence that the plaintiffs complied with Article VII(J) by submitting a proof of loss within the year from the date of loss.  Therefore, any recovery by plaintiffs is precluded under Article VII(J).[33]

While a reinspection and readjustment occurred, plaintiffs' failure to submit a sworn proof of loss as required by Article VII(J)(4) is fatal to its claim for additional flood proceeds.  As the Fifth Circuit noted in a similar case:

> Although the notice of loss provided by the [plaintiffs] gave some of the information required by the formal proof of loss statement, it is clear that giving notice and providing a sworn proof of loss statement are separate and distinct requirements of the policy. ...  As the provisions of an insurance policy issued pursuant to a federal program must be strictly construed and enforced, we hold that an insured' failure to provide a complete, sworn proof of loss statement, as required by the flood insurance policy, relieves the federal insurer's obligation to pay what otherwise might be a valid claim.[34]

While defendant's reinspection and readjustment of plaintiffs' flood claim may have led plaintiffs to believe that their claim was being routinely processed after payment of some proceeds, no valid claim for estoppel exists against the government.  "When federal funds are involved, the judiciary is powerless to uphold a claim of estoppel because such a holding would encroach upon the

---

[32]Further, the SFIP Waiver dispensed with the Proof of Loss requirement only when the insured is in agreement with the figure determined to be payable by the independent adjustor assigned by the WYO carrier.

[33]*See* footnote 13, *infra.  See also Forman*, 138 F.3d 543 (5th Cir. 1998)(because plaintiff's Proof of Loss, was inadequate as it failed to provide any sworn information; no genuine issues of material fact).

[34]*Gowland*, 143 F.3d at 954.

appropriation power granted to Congress by the Constitution."[35]

The motion for summary is GRANTED; the plaintiffs are not entitled as a matter of law to recover additional benefits under the flood insurance policy because plaintiffs failed to comply with the requirements of Article VII(J) with respect to a timely filed proof of loss.

*Plaintiffs' State Law Claims*

Plaintiffs do not oppose the dismissal of their bad faith claim against Harleysville, and of their claim for the stated value of the flood policy pursuant to La. Rev. Stat. 22:295. The remaining claims against Harleysville include dismissal of their breach of contract claim, negligent misrepresentation claim, specific performance, and unjust enrichment.

In *Wright I*, the Fifth Circuit specifically held an insured's state law claims were preempted by NFIA in a suit brought by a flood insurance policyholder who sought additional proceeds for his flood damaged home as a result of Tropical Storm Allison.[36] Persuaded by several circuit decisions outside the jurisdiction, the Fifth Circuit noted:

> We join these circuits in holding that state law tort claims arising from claims handling by a WYO are preempted by federal law. . . . We note that the significance of this holding may have been pretermitted by FEMA regulation. In 2000, FEMA amended the language of SFIP policies to state: "this policy and all disputed arising from the handling of any claim under the policy are governed exclusively by the flood insurance regulations issued by FEMA, the National Flood Insurance Act of

---

[35]*Gowland*, 143 F.3d at 955.

[36]*Wright I*, 415 F.3d at 390.

1968 . . . and Federal common law."[37]

Thus, the court concludes that to the extent that plaintiffs are attempting redress under state law, these claims are preempted by federal law.  As plaintiffs have not stated a claim for which relief can be granted, the motion to dismiss is GRANTED under Fed. R. Civ. Proc 12(b)(6), dismissing plaintiffs' state claims against Harleysville.

New Orleans, Louisiana, this  30th  day of May, 2008.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**

---

[37]*Wright I*, 415 F.3d at 390.  On appeal after remand, the Fifth Circuit took up the issue of whether the plaintiff in *Wright* had claims under federal common law for fraud and negligent misrepresentation.  *Wright v. Allstate Insurance Co.*, 500 F.3d 390 (5th Cir. 2007), *cert. den.*, ___S.Ct. ___, 2008 WL 423617, 76 USLW 3324 (U.S. Feb. 19 2008)(*citing* 44 C.F.R. pt. 61, app. A(1), art. IX).  After an exhaustive analysis, the court concluded that the plaintiff had no federal common law right, either expressed or implied, to bring extracontractual claims against the insurer.